**Lt. Henry C. LUNSFORD, Jr., Plaintiff-Appellee,**

v.

**Melvin R. LAIRD, Secretary of Defense; Stanley R. Resor, Secretary of the Army; Commanding Officer, Fort Hamilton, Brooklyn, New York, Defendants-Appellants.**

No. 508, Docket 35441.

United States Court of Appeals, Second Circuit.

Argued March 10, 1971.

Decided March 29, 1971.

Morton Hollander, Washington, D. C. (Carl Eardley, Acting Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Edward R. Neaher, U. S. Atty., E. D. N. Y., Robert V. Zener, J. F. Bishop, Attys., Dept. of Justice, Washington, D. C., on the brief), for defendants-appellants.

Michael N. Pollet, New York City (New York Civil Liberties Union, on the brief), for plaintiff-appellee.

Before HAYS and FEINBERG, Circuit Judges, and CURTIN, District Judge.*

PER CURIAM:

Army regulations provide for four types of discharge certificates in the case of officers, Honorable, General (Under Honorable Conditions), General (Under Other Than Honorable Conditions) and Dishonorable. Army Reg. 635–5 ¶ 7b (January 23, 1967). Under regulations implementing 10 U.S.C. § 1163 (1964 and Supp.1971), various procedural rights are accorded a member of a reserve component who is separated for cause. Army Reg. 635–105 § 2–10 (1968). Officers with at least three years commissioned service are entitled to a board of inquiry and the concomitant procedural rights; in the case of officers with less service, a hearing is required only if an "other than honorable" separation is indicated. Army Reg. 635–105 § 2–15 (1968).

While appellee was on duty in Germany in 1969, his commanding officer recommended that he be discharged for "Mismanagement of personal affairs to the discredit of the service" and "Conduct unbecoming an officer." The specific conduct charged against Lunsford involved passing dishonored checks, entering into financial transactions with an enlisted member of his unit, and ac-

---

* Of the United States District Court for the Western District of New York, sitting by designation.

cepting quarters allowance though he was occupying government quarters. It was also charged that he was found in a room with a German woman at 5:00 a. m. and that this woman had in her possession an ID and ration card issued in the name of Lunsford's wife. Lunsford was advised that since he had not had three years service, he could not appear before a board of inquiry but could only submit a written rebuttal. After receiving this rebuttal, and after numerous procedural steps including a recommendation from a Lt. General Bennett that appellee "be furnished with a Discharge Certificate Under Other Than Honorable Conditions," the Army determined to separate appellee with a General Discharge certificate, and ordered him to proceed from Germany to Fort Hamilton, Brooklyn, N. Y., for separation. Appellee then instituted this action claiming regulatory, statutory and constitutional violations.

Although Judge Dooling admitted that "it is not clear from the final papers in the series of papers" what discharge appellee was to receive, he decided that the Army was ignoring its own regulations requiring a board of inquiry if a discharge under "other than honorable conditions" was to be furnished. This he based on the assumption (which he indicated all parties assumed as well) that such discharge would be for "moral or professional dereliction." He therefore enjoined the appellants from giving effect to the determination to eliminate appellee "until he is accorded the rights provided by Army Reg. 635–1025 § 2–10 (1968)." Were the assumption under which Judge Dooling proceeded correct, we would agree with his holding. At the argument of this appeal, however, appellant's counsel affirmatively stated to this court that appellee was to be given a General Discharge Under Honorable Conditions. This statement has been confirmed by a letter from counsel. Though the confusion engendered at the district court level is understandable, and though Judge Dooling's assumption was justified under the circumstances,

we feel that a remand is in order. The appellee is prepared to present argument based on the assumption that he will be given a General Discharge Under Honorable Conditions. These arguments should first be passed upon by the district judge. Consequently we remand the case to Judge Dooling on the basis of the explicit judicial admission made by the Army through counsel for appellants.

Lunsford has also applied for an order restraining respondents from releasing him from active duty pending determination of his appeal. We remand this application to Judge Dooling to be dealt with in connection with his consideration of the issues of the discharge.